# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JANE DOE,<br>　　　　Plaintiff,<br>v.<br><br>VERIZON WIRELESS (VAW),<br>LLC; VERIZON WIRELESS<br>SERVICES, LLC; VERIZON<br>WIRELESS TEXAS, LLC; and<br>TIMOTHY EUBANKS,<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. _____<br><br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiff Jane Doe, for her Original Complaint for damages against Defendants Verizon Wireless (VAW), LLC, Verizon Wireless Services, LLC, Verizon Wireless Texas, LLC (all Verizon Wireless entities collectively referred to as "Verizon Wireless") and Timothy Eubanks ("Eubanks") (Verizon Wireless and Eubanks collectively referred to as "Defendants") states as follows:

## INTRODUCTION

1. Plaintiff seeks money damages against Defendants Verizon Wireless (VAW), LLC, Verizon Wireless Services, LLC, Verizon Wireless Texas, LLC, and Timothy Eubanks for violations of her rights as guaranteed by the laws of the United States in unlawfully disclosing her private phone records, and for negligence and invasion of privacy.

## JURISDICTION AND VENUE

2. The Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 over Plaintiff's cause of action arising under the laws and Constitution of the United States.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue lies in the United States District Court for the Northern District of Texas, Dallas Division, because a substantial part of the events or omissions giving rise to this Compliant occurred in or around Rockwall, Texas.  *See* 28 U.S.C. § 1391(b)(2).

## THE PARTIES

5. Plaintiff is an adult citizen and resident of Rockwall County, Texas.  The fictitious name of "Jane Doe" is used by Plaintiff to protect her person, her privacy and her family's privacy, given that Plaintiff has been the victim of physical, verbal and emotional abuse which was exacerbated by the Defendants' conduct as alleged herein.

6. At all times relevant to the facts alleged in this Complaint, Plaintiff has been a customer of Verizon Wireless.

7. Verizon Wireless is Plaintiff's telephone provider.

8. Service of Process on Verizon Wireless (VAW), LLC may be obtained through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

9. Service of Process on Verizon Wireless Services, LLC may be obtained through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

10. Service of Process on Verizon Wireless Texas, LLC may be obtained through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

11. Timothy Eubanks was an employee of Verizon Wireless at all relevant times alleged in this Complaint.  Eubanks is a resident of Dallas County, Texas, and is sued in his individual capacity.  Service of Process on Eubanks may be obtained by serving him at 7510 Estates Way, Rowlett, Texas 75089.

## STATEMENT OF FACTS

12. In December, 2017, Plaintiff had telephone service with Verizon Wireless.  Only Plaintiff was on the account.  No one else was granted access to Plaintiff's account, including Plaintiff's spouse ("Husband") to whom Plaintiff has been married since 2009.

13. On or about January 8, 2018, Husband texted Plaintiff shots of her Verizon Wireless phone records and called her to comment how many hours in one day she had spoken to one individual.  Plaintiff was shocked to learn that Husband had obtained her billing/phone records.  Plaintiff contacted Verizon Wireless's 800 number complaining that an unauthorized individual had obtained her billing/phone records.  The Verizon Wireless person told Plaintiff that the records were accessed on a desktop at 1:56 p.m. by an employee named Timothy Eubanks at a Verizon Wireless store in Rockwall, Texas. Apparently, Eubanks had accessed Plaintiff's phone records on a desktop computer at a Verizon Wireless store in Rockwall, Texas, printed them out and given them to Husband. Plaintiff promptly drove to the Verizon Wireless store in Rockwall, Texas and asked for

Eubanks. When she told Eubanks that "you gave my records to someone not on my account," Eubanks did not respond. Plaintiff called Verizon Wireless after that and lodged a complaint.

14. On or about January 24, 2018, Plaintiff spoke with Matt Baker, who identified himself as a district manager with Verizon Wireless. Mr. Baker told Plaintiff that Eubanks had been with the company for approximately ten years and had been terminated for giving her information out to an unauthorized person.

15. Husband saw from the phone records that Plaintiff had numerous calls to and from one number, which gave Husband confirmation that Plaintiff was having an affair. Husband called Plaintiff a "whore" in front of their school-aged son and otherwise proceeded to bad-mouth Plaintiff to her son and her family, as well as to others in Plaintiff's community.

16. At the time of Defendants' unauthorized disclosure of her phone records, Plaintiff had been out of work and was reliant on Husband to support Plaintiff in paying credit card balances and other expenditures of Plaintiff. After obtaining the phone records, Husband refused to pay Plaintiff's credit card bills. Plaintiff was forced to return Christmas gifts she had purchased for their son. Due to Husband's refusal to pay Plaintiff's expenditures, Plaintiff struggled to pay her bills, Plaintiff's credit limits were lowered, her credit score went from the 600's to low 400's in a few short months, and she was forced to withdraw funds from her 401(k).

17. Husband had a history of physically, emotionally and verbally abusing Plaintiff during their marriage. Husband had physically abused Plaintiff on several occasions before

Defendants provided Plaintiff's phone records to Husband. Obtaining Plaintiff's phone records fueled jealousy, anger and violence on the part of Husband, resulting in several incidents of verbal, emotional and physical abuse of Plaintiff by Husband. In February 2018, Husband physically harmed Plaintiff in a struggle to grab Plaintiff's phone from her so that he could further view Plaintiff's phone activity. As a result, Plaintiff suffered severe physical pain and suffering and emotional distress. Plaintiff did not report this assault to authorities.

18. Husband physically abused Plaintiff twice in August, 2018. In the first incident, Husband pushed Plaintiff out of a car, fracturing her arm. Five days later, Husband pushed Plaintiff into a wall, resulting in criminal charges against Husband. Plaintiff subsequently dropped the charges, feeling pressured by Husband to do so. Plaintiff attempted to obtain a protective order but canceled it because she could not afford it and feared violent retribution from Husband.

19. Unable to afford other housing and not wanting to leave her son, Plaintiff has had no choice but to live in the same house as Husband, sleeping in her son's bedroom. Since Defendants provided the phone records to Husband, Plaintiff has had to live in an emotionally, verbally and physically abusive environment and has filed for divorce from Husband. Due in part to the phone records provided to Husband by Defendants, the divorce and custody proceedings have been exceptionally contentious and acrimonious.

## COUNT I – Breach of Confidentiality

20. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

21. Every telecommunications carrier has a duty to protect the confidentiality of proprietary information of, and relating to, other telecommunication carriers, equipment manufacturers, and customers. 47 U.S.C. § 222(a).

21. Verizon Wireless is a telecommunications carrier governed by 47 U.S.C. §§ 206, 207, and 222.

22. 47 U.S.C. Section 222(h)(1) defines customer proprietary network information, which includes "information contained in the bills pertaining to telephone exchange service or telephone toll service received by a customer of a carrier."

23. 47 U.S.C. Section 206 states that a common carrier in violation of the Act shall be liable to the person or persons injured thereby for the full amount of damages sustained in consequence of any such violation, together with reasonable counsel or attorney's fees to be fixed by the Court.

24. Verizon Wireless's actions, omissions, or failures violated its duty to protect the confidentiality of Plaintiff's customer account information contrary to 47 U.S.C. Section 222.

25. Verizon Wireless's actions, omissions or failures caused Plaintiff to suffer harm. Plaintiff's damages include physical, mental and emotional distress; humiliation; damage to her reputation; pain and suffering; and injury to her credit rating.

26. Verizon Wireless violated 47 U.S.C. Section 222 and is liable for the full amount of damages Plaintiff suffered along with reasonable attorney's fees.

### COUNT II – Negligence

27. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

28. Under the doctrine of *respondeat superior*, an employer is liable for the actions of its employees committed within the scope of their employment.

29. On or about January 8, 2018, a Verizon Wireless employee acting within the scope of his or her employment (Eubanks) gave Plaintiff's customer account information to a non-authorized individual.

30. Defendants were negligent in allowing access to Plaintiff's account information to someone other than Plaintiff on or about January 8, 2018.

31. Verizon Wireless was negligent in not limiting the number of employees with access to Plaintiff's information or having adequate internal security procedures to prevent the disclosure of Plaintiff's account information to a non-authorized individual.

32. Defendants' negligence caused Plaintiff to suffer harm and sustain significant damages.

## **COUNT III – Negligence**

33. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

34. In the alternative, Verizon Wireless was negligent in hiring or retaining any and all Verizon Wireless employees, including Eubanks, who allowed access to Plaintiff's account to someone other than Plaintiff on or about January 8, 2018.

35. Verizon Wireless's negligence caused Plaintiff to suffer harm and sustain significant damages.

## COUNT IV – Invasion of Privacy

36. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

37. In providing Plaintiff's confidential phone records to Husband, Defendants publicized information about Plaintiff's private life to Husband.

38. The publication of Plaintiff's confidential information by Defendants would be highly offensive to a reasonable person.

39. The confidential matters publicized to Husband were not of legitimate public concern.

40. Plaintiff suffered injury as a result of Defendants' disclosure.

## COUNT V – Invasion of Privacy

41. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

42. In providing Plaintiff's confidential phone records to Husband, Defendants intentionally intruded on Plaintiff's solitude, seclusion, or private affairs.

43. The intrusion by Defendants would be highly offensive to a reasonable person.

44. Plaintiff suffered injury as a result of Defendants' intrusion.

## PRAYER FOR RELIEF

45. Wherefore, premises considered, Plaintiff respectfully requests that this Court, upon final disposition of this matter, enter judgment against Defendants finding Defendants liable to Plaintiff and granting the following relief, jointly and severally:

A) Actual, consequential, mental anguish, pain and suffering, injury to credit rating, injury to reputation, compensatory and other damages in an amount to be determined at trial;

B) Exemplary damages in an amount to be determined at trial;

C) Plaintiffs' reasonable attorneys' fees and expenses incurred in the filing and prosecution of this action;

D) All costs of court;

E) Any and all costs and reasonable attorneys' fees incurred in any and all related appeals and collateral actions (if any);

F) Pre-judgment and post-judgment interest on all sums at the maximum rate allowed by law; and

G) Such other relief to which this Court deems Plaintiff to be justly entitled.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial.

Respectfully submitted,

*/s/ Laura Elkind*

_____
Laura Elkind
State Bar No. 10042450
Laura Elkind Law, PLLC
505 Pecan Street, Suite 200
Fort Worth, Texas 76104
(817) 332-8532 phone
(817) 350-6990 fax
Laura.elkind@elkind-law.com

ATTORNEY FOR PLAINTIFF